No. 24-10288-DD

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LYEDREKUS BAILEY,

*Defendant-Appellant.*

On appeal from the United States District Court
for the Northern District of Georgia
No. 2:23-CR-00030-SCJ-1

# BRIEF OF APPELLEE
# THE UNITED STATES OF AMERICA

RYAN K. BUCHANAN
*United States Attorney*

GABRIEL A. MENDEL
*Assistant United States Attorney*

600 United States Courthouse
75 Ted Turner Drive S.W.
Atlanta, GA 30303
(404) 581-6000

No. 24-10288-DD

*United States of America v. Lyedrekus Bailey*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

In addition to those listed in Appellant's brief, the following people

and entities have an interest in the outcome of this appeal:

Mendel, Gabriel A., Assistant U.S. Attorney

## STATEMENT REGARDING ORAL ARGUMENT

The United States agrees with Bailey that oral argument is unnecessary in this case. The issues and positions of the parties, as presented in the record and briefs, are sufficient to enable the Court to reach a just determination.

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure
    Statement..................................................................C-1

Statement Regarding Oral Argument ............................................. i

Table of Contents.............................................................. ii

Table of Citations ........................................................... iii

Statement of Jurisdiction......................................................v

Statement of the Issues ...................................................... 1

Statement of the Case........................................................ 2

    A. Course of Proceedings and Disposition Below.................... 2

    B. Statement of the Facts ............................................. 2

        1. Offense Conduct ............................................. 2

        2. Guilty Plea...................................................... 3

        3. Sentencing.................................................... 9

    C. Standard of Review ................................................. 9

Summary of the Argument............................................ 10

Argument and Citations of Authority .......................................... 12

    The district court did not commit plain error in finding that
    Bailey's guilty plea was knowing and voluntary........................ 12

    A. Bailey has a heavy burden of establishing plain error......... 12

    B. The district court fully informed Bailey of the consequences
       of his plea and he understood them. .................................. 15

    C. The district court properly inquired into Bailey's capacity to
       enter a plea, and properly accepted the plea....................... 22

Conclusion.................................................................. 27

Certificate of Compliance and Service ......................................... 28

# TABLE OF CITATIONS

**Federal Cases**

*Johnson v. United States,*
   520 U.S. 461 (1997) ........................................................ 22

*Riolo v. United States,*
   38 F.4th 956 (11th Cir. 2022)..................................... 15

*United States v. Anderson,*
   1 F.4th 1244 (11th Cir. 2021)...................................... 26

*United States v. Bailey,*
   Case No. 2:22-CR-048-SCJ-JCF, Doc. 1 (N.D.Ga. Dec. 7, 2022) .... 2

*United States v. Bailey,*
   Case No. 2:22-CR-048-SCJ-JCF, Doc. 34 (N.D.Ga. April 27, 2023)7

*United States v. Bailey,*
   Case No. 2:22-CR-048-SCJ-JCF, Doc. 43 (N.D.Ga. June 15, 2023) 7

*United States v. Cameron,*
   625 F. App'x 518 (11th Cir. 2015) ............................... 22

*United States v. Cotton,*
   535 U.S. 625 (2002) ........................................................ 20

*United States v. Dominguez Benitez,*
   542 U.S. 74 (2004) ............................................. 14, 21, 26

*United States v. Dominguez,*
   998 F.3d 1094 (10th Cir. 2021) ......................... 18, 19, 20

*United States v. Garcia,*
   906 F.3d 1255 (11th Cir. 2018).................................... 14

*United States v. Lejarde-Rada,*
   319 F.3d 1288 (11th Cir. 2003).................................... 20

*United States v. Medlock,*
   12 F.3d 185 (11th Cir. 1994) ........................................ 25

*United States v. Monroe,*
   353 F.3d 1346 (11th Cir. 2003).................... 13, 14, 16, 26

*United States v. Moriarty,*
   429 F.3d 1012 (11th Cir. 2005) ................................ 9, 12

*Citations primarily relied upon. 11th Cir. R. 28-1(e).

\*_United States v. Presendieu,_
    880 F.3d 1228 (11th Cir. 2018) ............................... 9, 13, 14, 15, 25

_United States v. Ramirez-Flores,_
    743 F.3d 816 (11th Cir. 2014) ........................................................ 25

_United States v. Rogers,_
    848 F.2d 166 (11th Cir. 1988) ....................................................... 25

_United States v. Vonn,_
    535 U.S. 55 (2002) .............................................................. 12, 13, 14

_United States v. Wiggins,_
    131 F.3d 1440 (11th Cir. 1997) ..................................................... 13

_Winthrop-Redin v. United States,_
    767 F.3d 1210 (11th Cir. 2014) ..................................................... 25

## Federal Statutes

18 U.S.C. § 3231 .......................................................................................v
18 U.S.C. § 3742 .......................................................................................v
28 U.S.C. § 1291 .......................................................................................v

## Federal Rules

11th Cir. R. 28-5 ...................................................................................... 2
Fed. R. App. P. 4(b)(1)(A) .......................................................................v
Fed. R. App. P. 32(a)(5) ......................................................................... 28
Fed. R. App. P. 32(a)(6) ......................................................................... 28
Fed. R. App. P. 32(a)(7)(B) .................................................................... 28
Fed. R. App. P. 32(f) .............................................................................. 28
Fed. R. Crim P. 11 ............. 1, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20
Fed. R. Crim P. 11(b) ............................................................................. 13
Fed. R. Crim P. 11(b)(1)(A)-(O) ........................................................... 18
Fed. R. Crim P. 11(b)(1)(G) ................................................................... 13
Fed. R. Crim P. 11(b)(1)(G)-(I) ............................................................. 18
Fed. R. Crim P. 11(b)(1)(H) ................................................................... 13

\*Citations primarily relied upon. 11th Cir. R. 28-1(e).

No. 24-10288-DD

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

### UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

### LYEDREKUS BAILEY,
*Defendant-Appellant.*

## STATEMENT OF JURISDICTION

(A) The district court had subject matter jurisdiction over the underlying criminal case based on 18 U.S.C. § 3231.

(B) The court of appeals has jurisdiction over this direct appeal from the judgment and sentence of the district court, under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

(C) While not jurisdictional, the notice of appeal was timely filed on January 30, 2024, within 14 days of the entry of the district court's judgment and commitment order, on January 16, 2024. Fed. R. App. P. 4(b)(1)(A).

(D) This appeal is from a final judgment and commitment order that disposes of all the parties' claims in this criminal case.

v

## STATEMENT OF THE ISSUES

The district court conducted a thorough Rule 11 colloquy, including sworn statements by Bailey admitting his guilt and confirming that he understood the proceedings, the rights he was waiving, the nature of the charge, and the direct consequences of his plea. The court found that Bailey's guilty plea was knowing and voluntary. Did the court plainly err in accepting Bailey's plea?

# STATEMENT OF THE CASE

## A. Course of Proceedings and Disposition Below

Bailey was indicted for conspiring to traffic fentanyl and possessing fentanyl with intent to distribute four times. *See United States v. Bailey*, Case No. 2:22-CR-048-SCJ-JCF, Doc. 1 (N.D.Ga. Dec. 7, 2022).[1] The indictment notified Bailey that he had a prior serious drug felony conviction. *Id.* at 3.

Bailey entered a negotiated guilty plea to a single-count information charging him with conspiring to traffic at least 40 grams of fentanyl and 100 grams of heroin. (Docs. 1, 2, 2-1, 23). The district court sentenced Bailey to 235 months in prison. (Docs. 10, 24). Bailey timely noticed this appeal. (Doc. 15). He is incarcerated.

## B. Statement of the Facts

### 1. Offense Conduct

An undercover narcotics investigation conducted by various federal, state, and local law enforcement agencies led to a series of controlled buys of fentanyl from Bailey in late 2020 and early 2021. (PSR ¶¶ 7-23). Surveillance of Bailey in March 2021 suggested he was obtaining additional drugs throughout the day, so officers conducted

---

[1] Page numbers to any transcripts cited are the page numbers designated by the court reporter. *See* 11th Cir. R. 28-5.

a traffic stop and found more than 100 grams of heroin hidden on the body of Bailey's companion. (PSR ¶¶ 22-23).

### 2. Guilty Plea

Though originally charged in a five-count indictment including a prior conviction notice, Bailey entered a negotiated plea to a single-count information charging him with conspiring to traffic at least 40 grams of fentanyl and 100 grams of heroin. (Docs. 1, 2, 2-1, 23). The information did not contain a prior conviction notice. (Doc. 1).

The district court held a plea hearing on October 6, 2023. (Doc. 23). At the beginning of the hearing, government counsel were excused so that Bailey could speak with the district court about wanting a mental health evaluation. (*Id*. at 3-4). The court reminded Bailey that, at a pretrial conference the prior month, Bailey said he wanted a trial and there was no request for a mental health evaluation. (*Id*. at 4). The court was not inclined to delay the trial — scheduled for October 23 — but reminded Bailey he did not have to plead guilty. (*Id*. at 4-6). Bailey reiterated his desire to plead guilty — stating that "I never wanted to go to trial. I always pleaded guilty from the beginning. I always said I was guilty from the beginning." — and government counsel were brought back in. (*Id*. at 5-6).

Bailey was placed under oath and confirmed that, if he did not understand the court's questions, he would say so. (*Id*. at 8-9). Bailey's

3

counsel confirmed he read the plea agreement to Bailey, and Bailey said he had no questions about it. (*Id.* at 9). Bailey said he had taken no drugs, medicine, pills, or alcohol in the previous 24 hours. (*Id.*).

The district court reviewed Bailey's constitutional trial rights, and Bailey said he understood his rights and wanted to waive them and plead guilty. *Id.* at 10-14. Government counsel then summarized the plea agreement, including the government's promise to dismiss the pending indictment, the parties' sentencing recommendations, and Bailey's waiver of appeal. (*Id.* at 14-18). Bailey confirmed that he understood the plea agreement, had no other plea agreement, and no other promises had been made to him. (*Id.* at 18-19). Bailey's counsel affirmed that it was in Bailey's best interest to plead guilty and that no promises were made that he would receive a particular sentence or a particular amount of credit for time in custody. (*Id.* at 19-20).

Bailey's counsel confirmed that he had enough time to discuss the case with his client, but Bailey suggested he had not had enough time to think about and discuss the plea with his attorney. (*Id.* at 21). The district court responded that the case would then be set for trial on October 23, to which Bailey said, "I had enough time to talk to him." (*Id.*). The court told Bailey, "I am not trying to force you to trial, Mr. Bailey. If you don't think you've had enough time to talk to your attorney, Mr. Hames, we will give you that time." (*Id.* at 22). Then the

4

court said, "So one more time. Have you had sufficient time to talk to [defense counsel] about your case before entering a plea of guilty here today?" (*Id.*). Bailey responded, "Yes, sir." (*Id.*). Asked if he was satisfied with the work of his defense counsel, Bailey responded, "Yes, sir." (*Id.*).

The court again emphasized to Bailey that he did not need to go forward with a plea that morning:

> I want to go back and put on the record. Mr. Bailey, you understand, you can plead guilty at any point in time you like in a case. If you don't think you had enough time to talk to [defense counsel], you can always ~ I will go forward. You told me you've had enough time, but I want the record to reflect at this point in time the Court is saying, Hey, we have a trial set for October 23. If you don't think you have enough time, then we won't go forward with the guilty plea here this morning.

(*Id.* at 23). The government explained that the offer to plead to an information would be withdrawn after that day, but Bailey would still be able to plead guilty to the existing indictment. (*Id.* at 23). The district court again reiterated to Bailey that "you don't have to go forward here this morning on this plea of guilty. If you say you didn't have enough time, you don't have to go forward. You can talk more to [defense counsel] about it and plead guilty at any point in time between now and October 23, even at the day of trial, as long as you understand what [government counsel] just said." (*Id.* at 24).

5

Government counsel and defense counsel then discussed with the court the difference between pleading guilty to the information and going to trial or pleading guilty to the original indictment. (*Id.* at 24-26). Defense counsel expressed a mistaken understanding that the prior conviction notice in the original indictment meant Bailey would have faced a 25-year mandatory minimum, but government counsel explained — to the court as well as Bailey and his counsel — that the prior conviction notice would have subjected Bailey only to a 10-year mandatory minimum and affected his career offender Guidelines range. (*Id.*). As government counsel emphasized, there was "no 25-year mandatory minimum at issue here." (*Id.* at 26).

After this clarification, the court again asked Bailey if he "had sufficient time to think about and discuss this matter fully with your attorney ... before entering a plea of guilty?" (*Id.* at 27). Bailey conferred with his attorney and confirmed that he wanted to go forward with the plea. (*Id.*). Asked whether he "had sufficient time to discuss this matter with [defense counsel] before entering your plea of guilty here this morning," Bailey responded, "Yes, sir." (*Id.*).

Bailey then expressed displeasure with his attorney and his desire to have a mental health evaluation before deciding whether to take a plea. (*Id.* at 28-32). The court excused government counsel, and defense counsel explained to the court that if he had any indication

6

that Bailey suffered from some mental health illness or defect that would preclude him from understanding the nature of the proceedings, he would have asked for a mental health evaluation. (*Id.* at 31). The district court found that Bailey's request for an evaluation was done "for purposes of delay" and told Bailey that, although it would not provide yet another court-appointed attorney,[2] Bailey had the right to hire his own attorney or represent himself. (*Id*). The court asked Bailey, "do you want to proceed with this plea?" (*Id.* at 31-32). Bailey responded, "Yes, sir." (*Id.*).

Government counsel explained the elements of the charge to which Bailey was pleading guilty and the maximum sentence for his conduct. (*Id.* at 32-33). Bailey confirmed he discussed the charge with his attorney and understood what he was charged with doing. (*Id.* at 33). Government counsel then set forth the statutory penalties, including a mandatory minimum of five years in prison and a

---

[2] The court had already replaced Bailey's appointed counsel once. (Doc. 23 at 3). Trial was originally scheduled for June 2023, but six weeks prior, Bailey's then-counsel moved to withdraw because Bailey "believes counsel . . . is not acting in his best interest" and "has lost confidence in counsel's ability to defend him." *See United States v. Bailey*, Case No. 2:22-CR-048-SCJ-JCF, Doc. 34 (N.D.Ga. April 27, 2023). After new counsel was appointed, trial was rescheduled for October 2023. *See United States v. Bailey*, Case No. 2:22-CR-048-SCJ-JCF, Doc. 43 (N.D.Ga. June 15, 2023).

maximum of 40 years. (*Id.* at 33-34). Asked whether he understood "the maximum and minimum penalties that may be imposed as a result of you entering a plea of guilty to this information this morning," Bailey responded, "Yes, sir." (*Id.* at 34). Bailey confirmed his understanding that his Guidelines could not yet be calculated and that the court could impose a sentence more or less severe than the Guidelines range. (*Id.* at 34-35). The court also explained Bailey's waiver of appeal and collateral attack, and Bailey confirmed his understanding. (*Id.* at 35-36). Government counsel presented the factual basis for Bailey's charge, and Bailey agreed with the summary. (*Id.* at 37-39).

Asked whether he was guilty of the charge in the information, Bailey responded, "Yes, I'm guilty, Your Honor." (*Id.* at 39). Bailey said there was not any question asked or anything said that he wished for the court to repeat or clarify. (*Id.*).

The district court found that it had "observed the defendant during this proceeding," that "[h]e does not appear to be under the influence of any substance that might affect his judgment or actions in any manner," and that he "understands the charge and the consequences of his plea of guilty." (*Id.*). The court also found Bailey's plea to be "free of any coercion or influence of any kind" and to be "voluntarily made with full knowledge of the charge against him and

8

the consequences of his plea." (*Id.* at 39-40). The court found that Bailey "is competent to understand these proceedings and to enter a knowingly plea of guilty" and that "there's been no promises of any kind made to him by anyone, except as incorporated in the plea agreement as set out in open court." (*Id.* at 40).

### 3. Sentencing

The United States Probation Office prepared a presentence report that determined that Bailey was a career offender with a base level offense of 34 and criminal history of VI. (PSR ¶¶ 33, 48). With a three-level reduction for acceptance of responsibility, Bailey's total offense level was 31, resulting in a Guidelines range of 188 to 235 months in prison. (PSR at 21). Bailey was sentenced to 235 months in prison. (Doc. 10).

### C. Standard of Review

When a defendant claims for the first time on appeal that his guilty plea was not constitutionally valid because it was not knowing and voluntary, this Court reviews for plain error. *United States v. Moriarty*, 429 F.3d 1012, 1018-19 (11th Cir. 2005). In reviewing a defendant's claim that his guilty plea was improper, a district court's findings of fact are reviewed for clear error. *United States v. Presendieu*, 880 F.3d 1228, 1240 (11th Cir. 2018).

9

## SUMMARY OF THE ARGUMENT

Bailey claims that the district court committed plain error because Bailey did not fully appreciate the penalties he faced — not on the charge to which he pleaded guilty but on the other charges the government dismissed in exchange for his plea.

Bailey fails to show any error, let alone plain error. Neither Rule 11 nor this Court's precedent requires a district court to explain the possible consequences of choosing not to plead guilty or of pleading guilty to other charges. Instead, the district court had to explain to Bailey the direct consequences he faced on the charge to which he pleaded guilty and the rights he gave up by doing so. The district court conducted a proper Rule 11 colloquy, Bailey repeatedly affirmed his understanding, and there was no error.

Even if there were a requirement that Bailey be informed about the penalties he faced if he chose not to plead guilty, Bailey was properly informed. His attorney's initial misstatement was immediately corrected by government counsel, after which Bailey affirmed his continuing desire to plead guilty, confirmed his understanding, and said he needed nothing repeated or clarified.

In the absence of any binding precedent directly resolving his claim, Bailey cannot show that any error was plain. And Bailey cannot show that any error prejudiced his substantial rights. He chose to

plead guilty even after his attorney's misunderstanding was corrected, and he fails to offer more than mere speculation that — but for the alleged Rule 11 error — he would not have pleaded guilty.

Nor can Bailey show plain error based on his belatedly expressed desire for a mental health evaluation. Bailey's counsel confirmed to the court that he had seen no signs that there was a need to even request a mental health evaluation, the district court found that Bailey belatedly raised these concerns shortly before trial simply for purposes of delay, and Bailey cannot show clear error in the district court's finding that Bailey understood the proceedings and entered a knowing and voluntary plea of guilty.

Bailey's conviction should be affirmed.

ARGUMENT AND CITATIONS OF AUTHORITY

**The district court did not commit plain error in finding that Bailey's guilty plea was knowing and voluntary.**

The district court honored due process by accepting Bailey's guilty plea after a proper Rule 11 colloquy in which Bailey said — under oath — that he was guilty and demonstrated he was able to enter a plea and understood its consequences. But even assuming the district court erred, Bailey cannot show that any was plain or that any such error affected his substantial rights, for he offers nothing but conjecture that he would not have pleaded guilty but for the error — to the contrary, Bailey repeatedly insisted to the district court that he wanted to plead guilty. And vacating his conviction given the evidence of his guilt would be "disreputable to the judicial system." *United States v. Vonn*, 535 U.S. 55, 65 (2002).

**A. Bailey has a heavy burden of establishing plain error.**

In accepting a defendant's guilty plea, a district court "must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *Moriarty*, 429 F.3d at 1019 (citation omitted).

12

Bailey argues that the district court should not have accepted his plea because: (1) he did not fully appreciate the consequences of not pleading guilty — *i.e.*, that he did not face a 25-year mandatory minimum sentence had he gone to trial; and (2) his request for a mental health evaluation showed he could not enter a knowing and voluntary plea. Neither argument has merit.

Rule 11(b) requires that the district court must ensure that the defendant is informed of and understands "the nature of each charge" to which he is pleading guilty and the maximum possible penalty for the offense. Fed. R. Crim P. 11(b)(1)(G); 11(b)(1)(H). "[T]here is no one mechanical way or precise juncture that a district court is required to inform the defendant of the nature of the charges in the Rule 11 colloquy." *United States v. Wiggins*, 131 F.3d 1440, 1443 (11th Cir. 1997). Thus, this Court reviews "the whole record" in assessing whether the defendant understood the nature of the charges against him. *United States v. Monroe,* 353 F.3d 1346, 1350 (11th Cir. 2003) (quoting and citing *Vonn*, 535 U.S. at 59).

When a defendant claims for the first time on appeal that his plea violated due process, this Court reviews for plain error. *Presendieu*, 880 F.3d at 1237-38. To establish plain error, Bailey has the burden of showing that (1) there was error; (2) that was plain; and (3) it affected his substantial rights. *Id.* To satisfy the third prong — prejudice — the

13

defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

The burden on the defendant under plain error is heavy. *United States v. Garcia*, 906 F.3d 1255, 1267 (11th Cir. 2018). As this Court has said, "the plain error test is difficult to meet, and in particular, the burden of showing prejudice to meet the third-prong requirement is anything but easy." *Id*. (quotation omitted).

If Bailey satisfies the first three prongs, this Court may exercise its discretion to recognize a forfeited error, but only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Presendieu*, 880 F.3d at 1237-38 (quotation omitted). As this Court has explained, under plain-error review in a Rule 11 challenge, a defendant who was silent below has the burden to show not only that the error is plain and prejudicial but also that it is "disreputable to the judicial system." *Id*. at 1238 (citing and quoting *Vonn*, 535 U.S. at 65). This Court has ruled, for example, that it would be disreputable to the judicial system to vacate a conviction based on a Rule 11 error where the evidence of the defendant's guilt was great. *Monroe*, 353 F.3d at 1356.

Even when a claim is properly preserved, a district court's factual findings in a plea hearing—such as its findings that the defendant

understood the nature of the charges, that he entered a knowing and voluntary plea of guilty, and that there was a factual basis for the plea—are subject to review only for clear error. *Presendieu*, 880 F.3d at 1240-41. This deference is due "because these matters are better committed to the good judgment of the district judge, who observes the defendant's demeanor, life experience, and intelligence." *Id.* (quotation omitted). A district court's finding of fact is clearly erroneous when it leaves this Court "with a definite and firm conviction that a mistake has been committed." *Riolo v. United States*, 38 F.4th 956, 968 (11th Cir. 2022). "When there are two reasonable constructions of the evidence, 'the factfinder's choice between them cannot be clearly erroneous.'" *Id.* (quotation omitted).

## B. The district court fully informed Bailey of the consequences of his plea and he understood them.

Bailey claims that his plea was not knowing and voluntary because he misunderstood the penalties he faced on charges in the original indictment — charges that the government agreed to dismiss in exchange for his plea to an information. In other words, he claims to have misunderstood the consequences of *not* pleading guilty. Not only is this claim belied by the record, but it also fails to show plain error under Rule 11.

In evaluating whether a Rule 11 error has occurred, this Court look to Rule 11's three "core objectives," which are ensuring that (1) "the guilty plea is free of coercion," (2) "the defendant understands the nature of the charges against him," and (3) "the defendant is aware of the direct consequences of the guilty plea." *Monroe*, 353 F.3d at 1354.

The district court's thorough colloquy with Bailey satisfied all three of these objectives. The court ensured that Bailey had not been coerced and that he was pleading guilty only in exchange for the promises made in the written plea agreement. The court ensured that Bailey understood not only the elements of the sole charge in the information but also the factual basis for that charge. And the district court ensured that Bailey understood the statutory penalties he faced for pleading guilty to the sole charge in the information. In particular, government counsel explained the elements of the charge to which Bailey was pleading guilty. (Doc. 23 at 32-33). Bailey confirmed he discussed the charge with his attorney and understood what he was charged with doing. (*Id.* at 33). Government counsel then set forth the statutory penalties, including a mandatory minimum of five years in prison and a maximum of 40 years. (*Id.* at 33-34). Asked whether he understood "the maximum and minimum penalties that may be imposed as a result of you entering a plea of guilty to this information

this morning," Bailey responded, "Yes, sir." (*Id.* at 34). This satisfied Rule 11's core objectives and Bailey thus shows no error.

Bailey contends that Rule 11 requires more, that on top of ensuring Bailey understood the consequences of pleading guilty, the district court was also obligated to confirm that Bailey understood the consequences of *not* pleading guilty, including the possible penalties he faced if he went to trial on the original five-count indictment.

Even if there were such a requirement — and there is not — it was met in this case. Though defense counsel expressed a mistaken understanding that the prior conviction notice in the original indictment meant Bailey faced a 25-year mandatory minimum for the charges in the indictment, government counsel immediately explained — to the court as well as Bailey and his counsel — that the prior conviction notice would have subjected Bailey only to a 10-year mandatory minimum and potentially affected his career offender Guidelines range. (Doc. 23 at 24-26). Government counsel emphasized that there was "no 25-year mandatory minimum at issue here." (*Id.* at 26).

After this clarification, the court again asked Bailey if he "had sufficient time to think about and discuss this matter fully with your attorney ... before entering a plea of guilty?" (*Id.* at 27). Bailey conferred with his attorney and confirmed that he wanted to go

17

forward with the plea. (*Id.*). Asked whether he "had sufficient time to discuss this matter with [defense counsel] before entering your plea of guilty here this morning, Bailey responded, "Yes, sir." (*Id.*). The district court repeatedly gave Bailey a chance to take more time to consider his options or to consult his attorney, and Bailey chose to continue with his guilty plea. Even if the district court had to ensure Bailey understood the potential consequences of charges to which he was not pleading guilty, that requirement was met.

But Rule 11 has no such requirement. Instead, Rule 11 enumerates fifteen things that the court must inform the defendant about and determine that the defendant understands. *See* Fed. R. Crim P. 11(b)(1)(A)-(O). Included are "the nature of each charge" to which a defendant is pleading guilty, the maximum penalty for the offense, and any mandatory minimum penalty. Fed. R. Crim P. 11(b)(1)(G)-(I). But Rule 11 does not require any discussion of the statutory penalties for crimes to which the defendant is not pleading guilty. Because the district court was not required to inform Bailey about the consequences of charges he was not pleading guilty to, Bailey cannot show Rule 11 error.

The Tenth Circuit rejected an identical argument in *United States v. Dominguez*, 998 F.3d 1094 (10th Cir. 2021), where the defendant asserted that the district court's Rule 11 colloquy was inadequate

because it failed to explain to him that — because of the passage of the First Step Act — he no longer faced a 50-year mandatory minimum on his original charges. *Id.* at 1106. Thus, the defendant claimed, he misunderstood "what the potential sentencing exposure was, if he elected to go to trial rather than plead guilty." *Id.*

Just like Bailey, the defendant in *Dominguez* argued that his plea was invalid because he did not understand the consequences of not pleading guilty:

> in order to have knowingly and intelligently entered a plea agreement, he needed to understand not just the penalties and direct consequences associated with the charges to which he pleaded guilty, but also any penalties or potential consequences associated with charges to which he did not plead guilty— charges that the government actually dismissed here as part of the plea agreement.

*Id.* at 1107. The Tenth Circuit rejected this argument, holding that the purported misunderstanding "only impacted the penalties and consequences of charges to which Mr. Dominguez did *not* plead guilty." *Id.* (emphasis in original). The misunderstanding was not about "the charges to which Mr. Dominguez pleaded guilty and as to which the district court undisputedly conducted a thorough Rule 11 colloquy." *Id.* Thus, the court was "hard pressed to conclude other than that Mr. Dominguez was fully apprised of the direct

19

consequences of his proposed guilty plea and thus knowingly and intelligently made it." *Id.* The same holds true here, and Bailey fails to show any Rule 11 error.

Nor can Bailey show that any error was plain, as required by the second prong of plain-error review, because Bailey provides no controlling precedent that requires reversal. "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). Bailey cites no binding precedent holding that, for a plea to be knowing and voluntary, the defendant must be informed of the statutory penalties for offenses to which he is not pleading guilty. Even if there were such a case, that requirement was met here. But with no binding precedent directly resolving Bailey's claim under this set of facts, he fails to meet his burden under the second prong of plain-error review of showing an error that should have been clear and obvious to the district court.

Under the third prong of plain-error review, Bailey must show that the plain error "affects [his] substantial rights." *United States v. Cotton*, 535 U.S. 625, 631 (2002) (quotation marks, citation, and brackets omitted). In the context of an alleged Rule 11 error, a defendant

"must show a reasonable probability that, but for the error, he would not have entered the plea." *Dominguez Benitez*, 542 U.S. at 83. In reviewing the entire record to gauge the effect of an error on a defendant's substantial rights, the Supreme Court recognized the need to look at the strength of the evidence against the defendant: when the record made for a guilty plea and sentencing reveals strong evidence and no apparent defenses, "one can fairly ask a defendant seeking to withdraw his plea what he might ever have thought he could gain by going to trial." *Id.*

Bailey cannot meet this burden. To begin, Bailey opted to go through with the plea even after the government corrected his attorney's misunderstanding about a 25-year mandatory minimum, precluding any argument that this misunderstanding was pivotal to Bailey's decision to plead guilty. (Doc. 23 at 27). Moreover, throughout the plea hearing, Bailey emphasized his longstanding desire to plead guilty, telling the district court "I never wanted to go to trial. I always pleaded guilty from the beginning. I always said I was guilty from the beginning." (*Id.* at 5, 6, 29). In the face of this clear record, Bailey offers nothing but conjecture that he would not have pleaded guilty to the one-count information and instead gone forward on the original indictment with its higher mandatory minimum penalties and Guidelines range. *See* Def. Br. at 24-25. Particularly

21

given the strong evidence of Bailey's guilt — including that the controlled fentanyl buys were videotaped (Doc. 23 at 30) — Bailey's mere speculation that he would have chosen an unnegotiated plea or a trial cannot satisfy the third prong of plain-error review. *See United States v. Cameron*, 625 F. App'x 518, 521 (11th Cir. 2015) (holding defendant "failed to demonstrate that there is a reasonable probability that he would not have entered the guilty pleas, as his argument to that effect is simply a conclusory statement").

And even if Bailey satisfied the first three prongs of plain-error analysis, reversing his conviction would seriously affect the fairness, integrity, or public reputation of judicial proceedings, given the overwhelming evidence of his guilt. *Johnson v. United States*, 520 U.S. 461, 470 (1997).

### C. The district court properly inquired into Bailey's capacity to enter a plea, and properly accepted the plea.

Bailey next claims that because the court failed to postpone his sentencing for a mental health evaluation, his plea was not knowing and voluntary. This effort also fails at each of the four steps of plain-error review. Before accepting Bailey's plea, the district court fully addressed whether Bailey had the capacity to enter a plea, and thus committed no error, plain or otherwise.

At the outset of the hearing, Bailey agreed that he would tell the district court if he did not understand any of its questions. (Doc. 23 at 8-9). The court inquired into whether Bailey had "taken any kind of drugs, medicine, pills, or drunk any alcoholic beverages in the past 24 hours." (*Id.* at 9). Bailey said, "No, sir." (*Id.*).[3]

Throughout the hearing, Bailey repeatedly affirmed, under oath, that he understood what the court was telling him, both as to the rights he was giving up and the consequences of the charge to which he was pleading. (*Id.* at 10-41). Bailey also demonstrated his ability and willingness to ask for clarification, such as when he asked government counsel to repeat his explanation that, if Bailey did not plead guilty to the information that day, the government would proceed to trial on the original indictment. (*Id.* at 24). Near the end of the hearing, the district court asked Bailey whether there was "any question I've asked

_____

[3] Bailey's brief at times suggests that Bailey is of below-average intelligence or education, but the record does not support these conclusory assertions. Bailey went to school at least through ninth grade, repeatedly engaged in intelligent exchanges with the court, and managed to express disagreements and ask for clarification when necessary. His brief fails to show any clear error in the district court's findings, after observing Bailey throughout the hearing, that Bailey "understands the charge and the consequences of his plea of guilty" and "is competent to understand these proceedings and to enter a knowingly plea of guilty." (Doc. 23 at 39-40).

you or anything I said to you that you wish for me to repeat or clarify in any manner," and Bailey responded, "No, sir." (*Id.* at 39).

In support of his claim of plain error, Bailey points to his complaint that his attorney failed to request a mental health evaluation and suggests the district court had a duty to postpone the hearing. But the district court discussed this request with Bailey's counsel, who affirmed that

> if [defense counsel] had any inclination that Mr. Bailey suffered from some mental health illness or defect that would have precluded him from understanding the nature of these proceedings or what he was looking for, you know, what he had to weigh in his mind and that kind of thing, [defense counsel] certainly would have petitioned the Court for a mental health evaluation.

(*Id.* at 30). The district court found that Bailey's request, which was not raised at a pretrial conference the month prior, was done "for purposes of delay" in the face of Bailey's imminent trial date. (*Id.* at 31).

The district court also found that it had "observed the defendant during this proceeding," that "[h]e does not appear to be under the influence of any substance that might affect his judgment or actions in any manner," and that he "understands the charge and the consequences of his plea of guilty" and "is competent to understand

24

these proceedings and to enter a knowingly plea of guilty." (*Id*. at 39-40).

This Court gives a "strong presumption" that statements a defendant makes under oath in a plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). On top of the heavy burden to prove plain error, Bailey must overcome the strong presumption that his sworn statements were true. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014); *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). Bailey cannot carry his burden because the transcript shows that he understood why he was present in court, knew the purpose of the hearing, and repeatedly expressed his desire to enter a plea of guilty. Nor can Bailey overcome this Court's "deference to the district court's factual findings that the defendant understood the nature of the charges and that the defendant entered a knowing and voluntary plea of guilty," which this Court reviews "for clear error only." *Presendieu*, 880 F.3d at 1240.

Even if Bailey were to clear the first prong of plain-error analysis, he fails at the second, because he has not shown that any such error was "plain." "An error is 'plain' if controlling precedent from the Supreme Court or the Eleventh Circuit establishes that an error has occurred." *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014). Bailey has identified no precedent requiring reversal based on a

25

plea colloquy as thorough as his, and, thus, his plain-error claim "fails at the outset." *United States v. Anderson*, 1 F.4th 1244, 1269 (11th Cir. 2021).

Bailey's argument also fails because he fails to show prejudice – that but for the alleged error he would not have pleaded guilty. *Dominguez Benitez*, 542 U.S. at 83. His own counsel saw no basis for even requesting a mental health evaluation, the district court observed Bailey during the hearing and found him capable of understanding and entering a knowing plea, and the district court found that the belated request was made for purposes of delaying the imminent trial. By offering mere speculation, Bailey fails to meet his burden of showing that the district court ordering a mental health evaluation would have resulted in a different outcome in his case.

And, given the overwhelming evidence of Bailey's guilt, reversing his conviction would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Monroe*, 353 F.3d at 1357.

## CONCLUSION

The United States respectfully requests that this Court affirm
Bailey's conviction.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*

*/s/ Gabriel A. Mendel*
GABRIEL A. MENDEL
*Assistant United States Attorney*

## CERTIFICATE OF COMPLIANCE AND SERVICE

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface in 14-point Goudy Old Style.

This brief complies with the 13,000 word type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, according to the word processing software, it contains 5,743 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

Today, this brief was uploaded to the Court's website using the CM/ECF system, which automatically sends notification to the parties and counsel of record:

> SARALIENE SMITH DURRETT, ESQ.
> Saraliene Smith Durrett, LLC
> 1800 Peachtree Street
> Suite 300
> Atlanta, GA 30309

October 25, 2024

/s/ Gabriel A. Mendel
GABRIEL A. MENDEL
*Assistant United States Attorney*

28